**FAEGRE DRINKER BIDDLE & REATH LLP**
DAVID A. BELCHER (SBN 330166)
*david.belcher@faegredrinker.com*
1800 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone:  +1 310 203 4000
Facsimile:   +1 310 229 1285

**FAEGRE DRINKER BIDDLE & REATH LLP**
JARED B. BRIANT (CO SBN 35773)*
*jared.briant@faegredrinker.com*
RYAN M. COONEY (CO SBN 56684)*
*ryan.cooney@faegredrinker.com*
LUKE E. STEFFE (CO SBN 59449)*
*luke.steffe@faegredrinker.com*
1144 15th Street, Suite 3400
Denver, Colorado 80202
Telephone:  +1 303 607 3500
Facsimile:   +1 303 607 3600
    *Pro hac vice applications forthcoming*

Attorneys for Plaintiff
JIBBITZ, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JIBBITZ, INC., <br><br> Plaintiff, <br><br> v. <br><br> MMA TRADING LLC, <br><br> Defendant. | Case No. 2:25-cv-09384 <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Jibbitz, Inc. ("Plaintiff") brings this Complaint against MMA Trading, LLC ("MMA").  This California-based company operates mall kiosks in the Los Angeles metro area where it sells shoe charms that infringe Plaintiff's patents.  To date, Plaintiff's multiple cease and desist letters have gone ignored.

In support of its Complaint, Plaintiff alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for patent infringement under 35 U.S.C. §§ 100, *et seq*.  Plaintiff seeks both injunctive and monetary relief in connection with its claims.

2. Plaintiff Jibbitz, Inc. is a wholly owned subsidiary of Crocs, Inc., a global footwear manufacturer, distributor, and retailer.  Crocs is world famous for its iconic clog, which is made by injection-molding a proprietary foam: [1]



3. Foam shoes like those Crocs makes have become incredibly popular with consumers in part because of the high degree of customization they offer, including via their stretchable foam holes.  Accessorizing these holes, however, presented a significant challenge because of durability concerns, their proximity to

---

[1] https://www.crocs.com/p/classic-clog/10001.html?cgid=clogs&cid=5CI, last accessed July 24, 2025.

the wearer's foot, and because the hole size, relative proximity to one another, and depth is inconsistent across the various makes and models.

4.  Plaintiff solved this problem with its innovative design. In recognition of its innovation, the United States Patent and Trademark Office has issued to Jibbitz U.S. Patent Nos. 7,698,836 ("'836 Patent"), 8,122,519 ("'519 Patent"), and 8,782,814 ("'814 Patent") (collectively, the "Jibbitz Patents"). The Jibbitz Patents are attached hereto as **Exhibit A** ("Ex. A"). "Jibbitz®" is a trademark owned by Plaintiff that refers to the patent-protected charms for wearable items that it sells. While deceptively simple, the shoe charm design solved the design challenges by permitting a single charm to accommodate a variety of hole sizes and placement positions while being comfortable for the wearer. An example of a Jibbitz shoe charm is found below:[2]



5.  MMA has sought to capitalize Plaintiff's innovations by marketing infringing charms (the "Accused Charms") that are used in combination with molded shoes to infringe the Jibbitz Patents.

---

[2] https://www.crocs.com/p/tiny-sunshine/10013535.html?cgid=jibbitz-nav&cid=001 (last accessed on July 24, 2025).

COMPLAINT FOR PATENT INFRINGEMENT
Case No.: 2:25-cv-09384

FAEGRE DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
DENVER

## THE PARTIES, JURISDICTION & VENUE

6. Plaintiff is a Colorado corporation, with a principal place of business at 500 Eldorado Boulevard, Building 5, Broomfield, Colorado, 80021. Jibbitz is a wholly owned subsidiary of Crocs, Inc.

7. Defendant MMA Trading LLC is a California domestic profit corporation having a registered agent and principal office at 8547 Imperial Hwy, Apt. 22 in Downey, CA 90242. Upon information and belief, Mr. Mahmoud Abukhurj is the chief executive officer of MMA. MMA has marketed and currently markets the Accused Charms via its network of mall kiosks, including, but not limited to, locations operating under the name "Charms Zone" at malls such as the Del Amo Fashion Center located at 3525 W. Carson Street, Torrance, CA 90503; the Los Cerritos Center located at 239 Los Cerritos Center in Cerritos, CA 90703; and Ontario Mills located at 1 Mills Circle in Ontario, California 91764.[3]

8. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claims under the patent laws of the United States of America, 35 U.S.C. §§ 100, *et seq*.

9. This Court has personal jurisdiction over MMA because it is a domestic profit corporation registered with the State of California.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1400(b) because MMA is a domestic profit corporation registered with the State of California, MMA has a regular and established place of business within this district, and MMA has committed acts of patent infringement within this district.

## FACTS COMMON TO ALL COUNTS OF INFRINGEMENT

11. At least as early as 2003, Crocs started a footwear revolution by launching its ubiquitous clog-style foam shoe in the United States. The shoe's unique design and proprietary foam blend gave consumers a durable, functional, customizable shoe unlike anything available at the time.

---

[3] *See, e.g.*, https://mmatradingllc.com/#portfolio

12. In 2005, Plaintiff began manufacturing and selling the Jibbitz™ shoe charms. Recognizing the innovative design of Jibbitz shoe charms and the market potential, Crocs acquired Plaintiff and its intellectual property in 2006. The acquisition included the family of then pending patent applications that gave rise to the asserted Jibbitz Patents. (Ex. A.)

13. Jibbitz shoe charms enable consumers to customize their shoes and express their personal style—a central ethos of the Crocs family of brands. Jibbitz are sold through myriad distribution channels, including Crocs stores, online at www.crocs.com, through third-party brick-and-mortar retailers, and through specialty channels like gift shops.

14. Plaintiff first learned of MMA and its infringing activity in or around January 2022. Following an investigation, Jibbitz determined that MMA maintains multiple kiosks in California, including those named "Charms Zone" at malls such as the Del Amo Fashion Center, the Los Cerritos Center, and Ontario Mills (the "MMA Kiosks").

15. The MMA Kiosks include marketing displays showing the Accused Charms affixed to molded foam shoes, affirmatively demonstrating that they infringe the Jibbitz Patents. Reproduced below is a photograph of a shoe bearing the Accused Charms taken during Plaintiff's investigation:



16. Defendant's actions constitute direct infringement of the Jibbitz Patents under 35 U.S.C. § 271(a), as explained below in each Count.

17. On information and belief, MMA teaches its customers how to use the Accused Charms by demonstrating how they are inserted into, displayed on, and removed from shoes and other articles of clothing. These demonstrations also amount to infringing "uses" under 35 U.S.C. § 271(a) that directly infringe the Jibbitz Patents.

18. MMA has also actively induced customers to infringe the Jibbitz Patents under 35 U.S.C. § 271(b). Specifically, MMA displays Accused Charms secured to molded shoes, as seen in the photographs above, with the express purpose of encouraging customers to purchase and secure the Accused Charms to wearable items, such as the molded shoes on display, to directly infringe the Jibbitz Patents. On information and belief, MMA's paid employees provide verbal and physical

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
DENVER

6

COMPLAINT FOR PATENT INFRINGEMENT
Case No.: 2:25-cv-09384

instructions to customers, instructing them how to secure the Accused Charms to molded shoes. These intentional acts induce direct infringement by customers because such customers secure the Accused Charms to molded shoes in a manner the infringes the Jibbitz Patents.

19. MMA is on actual notice of the Jibbitz Patents and its infringing conduct since at least May 24, 2022. For example, on May 24, 2022, Plaintiff's counsel coordinated hand delivery of a letter to MMA notifying it that the Accused Charms sold at an MMA Kiosk at the Northridge Fashion Center in Northridge, California infringed Plaintiff's intellectual property rights under 35 U.S.C. § 271. Included were the Jibbitz Patents that Plaintiff now asserts in this Complaint. Nonetheless, MMA still offers for sale the Accused Charms and still encourages customers to infringe the Jibbitz Patents as described throughout the Complaint and exhibits hereto.

20. MMA has also committed acts of contributory infringement under 35 U.S.C. § 271(c). The Accused Charms are specially made or adapted so that secure them to shoes in a manner that, when sold by MMA and used by MMA's customers, infringes the Jibbitz Patents.

21. The Accused Charms are not staple articles or commodities of commerce suitable for substantial non-infringing use because the Accused Charms have unique features made for customers to secure the charms to molded shoes and other wearable items. They have no other known commercial purpose or value. As explained above, MMA has also offered the Accused Charms for sale with knowledge or willful blindness that customers will use them to infringe the Jibbitz Patents.

22. MMA also receives further notice of the Jibbitz Patents and its ongoing direct and indirect infringement upon service of this Complaint.

23. MMA's acts of infringement have resulted in Jibbitz suffering damages, including lost revenue, lost sales, lost profits, and irreparable harm.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,698,836

24. Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

25. Plaintiff owns U.S. Patent No. 7,698,836 (the "'836 Patent"), titled "System and Method for Securing Accessories to Clothing," which was duly issued by the U.S. Patent and Trademark Office on April 20, 2010. Plaintiff is the sole owner of the '519 Patent, which is a valid patent.[4]

26. MMA has directly infringed the '836 Patent under § 271(a) by displaying (i.e., "using") and making the Accused Charms secured to molded shoes at its MMA Kiosks for purposes of marketing its products to consumers. MMA has directly infringed at least Claim 26 of the '836 Patent, which recites "[a] system for securing a decorative accessory, the system comprising; a shoe having at least one expandable hole in an upper portion of the shoe; a shaft having first and second ends; a first shoulder secured to the first end of the shaft, the first shoulder being configured for insertion through one of the at least one expandable hole and configured to engage an inner surface of the upper portion of the shoe, the first shoulder being larger in diameter than the expandable hole through which it is inserted when that expandable hole is in its unexpanded state; and a second shoulder secured to the second end of the shaft, the second shoulder being configured to engage an outer surface of the upper portion of the shoe, the second shoulder comprising the decorative accessory."

27. When an Accused Charm is secured to a molded shoe, as displayed at MMA's kiosks, the resulting system satisfies all elements covered by Claim 26, as shown in the photograph that follows, taken from a display at the MMA Kiosk located in the Los Cerritos Center in Cerritos, California:

---

[4] On January 24, 2022, Jibbitz, LLC filed a Certificate of Conversion with the Colorado Secretary of State in which Jibbitz, LLC converted from a limited liability company to a corporation and changed its name to Jibbitz, Inc. A Certificate of Fact of Good Standing was issued for Jibbitz, Inc. on January 24, 2022.



28. MMA has also induced infringement of and contributorily infringed the '836 Patent under §§ 271(b)-(c). Specifically, MMA sells the Accused Charms at its MMA Kiosks with the intention that consumers affix them with molded shoes, or other wearable items, in a system that directly infringes Claim 26, despite knowledge of (or, at a minimum, willful blindness to) the fact that such use infringes the '836 Patent.

29. The Accused Charms are specially made or adapted to infringe the '836 Patent, are not staple articles of commerce, and have no substantial non-infringing uses. These facts show active induced infringement and contributory infringement.

30. MMA's infringement is willful because it has directly and indirectly infringed the '836 Patent despite knowledge of (or willful blindness to) the facts underlying the infringement. This is evidenced at least by the nine demand letters Plaintiff sent MMA, the last of which included the attached claim charts. The most

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
DENVER

9

COMPLAINT FOR PATENT INFRINGEMENT
Case No.: 2:25-cv-09384

recent demand letter, sent to MMA on September 17, 2025, is attached hereto as **Exhibit B** ("Ex. B").  Despite this correspondence history, MMA persists in its conduct.

31. As a result of the infringement, Jibbitz has suffered and will continue to suffer money damages, loss of revenue, lost sales, loss of profits, and irreparable harm.

### COUNT II:  INFRINGEMENT OF U.S. PATENT NO. 8,122,519

32. Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

33. Plaintiff owns U.S. Patent No. 8,122,519, titled "System and Method for Securing Accessories to Wearable Items," which was duly and legally issued by the U.S. Patent and Trademark Office on February 28, 2012.  Plaintiff is the sole owner of the '519 Patent, which is a valid patent.

34. MMA has directly infringed the '519 Patent under § 271(a) by displaying (i.e., "using") and making the Accused Charms secured to molded shoes at its MMA Kiosks for purposes of marketing its products to consumers.  MMA also directly infringes by making the claimed systems comprising the Accused Charms and molded shoes.

35. This directly infringes at least Claim 27 of the '519 Patent.  Claim 27 recites "[a] system for securing a decorative accessory, the system comprising: a wearable item having at least one expandable hole, the at least one expandable hole formed of a moldable foam material in a molded portion of the wearable item; a shaft having first and second ends; a first shoulder secured to the first end of the shaft, the first shoulder being configured for insertion through one of the at least one expandable hole and configured to engage an inner surface of the wearable item, the first shoulder being larger in diameter than the expandable hole through which it is inserted when the expandable hole is in its unexpanded state; and a second shoulder secured to the second end of the shaft, the second shoulder being configured to

FAEGRE DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
DENVER

COMPLAINT FOR PATENT INFRINGEMENT
Case No.: 2:25-cv-09384

engage an outer surface of the wearable item, the second shoulder comprising the decorative accessory."

36. When an Accused Charm is secured to a wearable item, such as a molded shoe, the resulting system satisfies all elements of (and thus infringes) Claim 27. A picture the Accused Charms secured to a molded shoe follows, taken from a display at the MMA Kiosk located in the Los Cerritos Center in Cerritos, California:



37. MMA has also induced infringement and contributed to customer infringement of the '519 Patent under §§ 271(b)-(c). Specifically, MMA sells the Accused Charms at its MMA Kiosks for customers to secure the charms to molded shoes or other wearable items in a system that directly infringes Claim 27, despite knowledge of (or willful blindness to) the fact that such use infringes the '519 Patent.

38. The Accused Charms are specially made or adapted to infringe the '519 Patent, are not staple articles of commerce, and have no substantial non-infringing

1  uses. These facts show active inducement infringement and contributory
2  infringement.

3  39. MMA's infringement is willful because it has directly and indirectly
4  infringed the '519 Patent despite knowledge of (or willful blindness to) the facts
5  underlying the infringement. This is evidenced at least by the nine demand letters
6  Plaintiff sent MMA, the last of which included claim charts attached thereto. (*See*
7  Ex. B). Despite this correspondence history, MMA persists in its conduct.

8  40. As a result of the infringement, Jibbitz has suffered and will continue to
9  suffer money damages, lost revenue, lost sales, loss of profits, and irreparable harm.

## COUNT III:  INFRINGEMENT OF U.S. PATENT NO. 8,782,814

11  41. Plaintiff incorporates each of the preceding paragraphs as if fully set
12  forth herein.

13  42. Jibbitz is the owner of U.S. Patent No. 8,782,814, titled "System and
14  Method for Securing Accessories to Clothing," which was duly and legally issued by
15  the U.S. Patent and Trademark Office on July 22, 2014. Plaintiff is the sole owner
16  of the '814 Patent, which is a valid patent.

17  43. MMA has directly infringed the '814 Patent under § 271(a) by
18  displaying (i.e., "using") and making the Accused Charms secured to molded shoes
19  at its MMA Kiosks for purposes of marketing its products to consumers. MMA also
20  directly infringes by making the claimed systems comprising the Accused Charms
21  and molded shoes.

22  44. This directly infringes at least Claim 16 of the '814 Patent. Claim 16
23  recites "[a] system for securing a decorative accessory, the system comprising: an
24  article of clothing having an exterior surface, an interior surface and at least one
25  expandable hole formed in a molded portion of the article of clothing, the expandable
26  hole extending between and through the exterior surface and the interior surface of
27  the article of clothing; a shaft having first and second ends; a first shoulder secured
28  to the first end of the shaft, the first shoulder being configured for insertion through

one of the at least one expandable hole and configured to engage the interior surface of the article of clothing, the first shoulder being larger in diameter than the expandable hole through which it is inserted when the expandable hole is in its unexpanded state; and a second shoulder secured to the second end of the shaft, the second shoulder being configured to engage the exterior surface of the article of clothing, the second shoulder comprising the decorative accessory."

45. When an Accused Charm is secured to a wearable item, such as a molded shoe, the resulting system satisfies all elements of (and thus infringes) Claim 16. A picture of the Accused Charms secured to a molded shoe follows, taken from a display at the MMA Kiosk located in the Los Cerritos Center in Cerritos, California:



46. MMA has also induced infringement of and contributorily infringed the '836 Patent under §§ 271(b)-(c). Specifically, MMA sells the Accused Charms at its MMA Kiosks with the intention that consumers affix them with molded shoes, or other wearable items, in a system that directly infringes Claim 16, despite knowledge

of (or, at a minimum, willful blindness to) the fact that such use infringes the '836 Patent.

47. MMA has also induced infringement and contributed to customer infringement of the '814 Patent under §§ 271(b)-(c). Specifically, MMA sells the Accused Charms at its MMA Kiosks for customers to secure the charms to molded shoes or other wearable items in a system that directly infringes Claim 16, despite knowledge of (or willful blindness to) the fact that such use infringes the '814 Patent.

48. The Accused Charms are also specially made or adapted to infringe the '814 Patent, are not staple articles of commerce, and have no substantial non-infringing uses. These facts show active inducement infringement and contributory infringement.

49. MMA's infringement is willful because MMA has directly and indirectly infringed the '814 Patent despite knowledge of (or willful blindness to) the facts underlying the infringement. This is evidenced at least by the nine demand letters Plaintiff sent MMA, the last of which included claim charts attached thereto. (*See* Ex. B). Despite this correspondence history, MMA persists in its conduct.

50. As a result of the infringement, Plaintiff has suffered and will continue to suffer money damages, lost revenue, lost sales, loss of profits, and irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks that this Court grant the following relief:

1. A permanent injunction restraining MMA, its officers, agents, servants, employees, attorneys, and those persons acting in concert with MMA from making, using, offering to sell, selling, distributing, and/or importing shoe charms that infringe Plaintiff's rights under the '836, '519 and/or '814 Patents, and from inducing and contributing to the infringement of the Jibbitz Patents;

2. An order that MMA be required to destroy any and all remaining shoe charms and shoes or wearable items in its possession that the Court finds to violate

Plaintiff's rights;

    3. An award of damages, including lost profits and a reasonable royalty;

    4. Exemplary damages in the amount up to three times actual damages as provided for MMA's willful actions in violation of Plaintiff's intellectual property rights pursuant to 35 U.S.C. § 284;

    5. An award of attorney's fees and costs pursuant to federal law under 35 U.S.C. § 285; and

    6. Such further equitable and legal relief and damages as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: October 1, 2025

Respectfully submitted,

FAEGRE DRINKER BIDDLE & REATH LLP

By: /s// *David A. Belcher*
David A. Belcher
**FAEGRE DRINKER BIDDLE & REATH LLP**
1800 Century City East, Suite 1500
Los Angeles, California 90067
Tel: (310) 203 4000
*david.belcher@faegredrinker.com*

Jared B. Briant
Ryan M. Cooney
Luke E. Steffe
**FAEGRE DRINKER BIDDLE & REATH LLP**
1144 15th Street, Suite 3400
Denver, Colorado 80202
Tel: (303) 607 3500
*jared.briant@faegredrinker.com*
*ryan.cooney@faegredrinker.com*
*luke.steffe@faegredrinker.com*

Attorneys for Plaintiff
JIBBITZ, INC.